

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-1-2005

# Liu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4054

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Liu v. Atty Gen USA" (2005). *2005 Decisions.* Paper 282.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/282

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-4054

———————

MEI YU LIU,

Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES,

Respondent

———————

On petition for review of a decision and order
of the Board of Immigration Appeals
(BIA No. A77-282-979)

———————

Submitted under Third Circuit LAR 34.1(a)
October 28, 2005

BEFORE: SLOVITER, FISHER and GREENBERG, Circuit Judges

(Filed: November 1, 2005)

———————

OPINION OF THE COURT

———————

GREENBERG, Circuit Judge.

This matter comes on before this court on Mei Yu Liu's timely petition for review

of a decision and order of the Board of Immigration Appeals ("BIA") affirming, without opinion, an order of an immigration judge denying her motion to reopen proceedings, which on August 19, 2003, ordered her removed. We have jurisdiction over this matter pursuant to section 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252. While we have started our history of this matter with the August 19, 2003 order, the case had a prior history which we do not recite as there is no need to do so. We review the administrative proceedings on an abuse of discretion basis. Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001).[1]

It is undisputed that under 8 C.F.R. § 1003.23(b)(1) (2005) and 8 C.F.R. § 1003.2(c)(2) (2005) Liu had 90 days from August 19, 2003, to move to reopen. Thus, the parties agree that the motion at the latest was due by November 17, 2003.[2] The procedure for filing the motion seems to be somewhat convoluted. Under 8 C.F.R. § 1103.7(a)(1)(2005) Liu was required to make a payment to the Department of Homeland Security cashier for the fee for the motion. Nevertheless, the mere making of a payment, even if accompanied by a motion, does not constitute the filing of the motion. Id. Rather,

_____

[1] The government contends that we review the case on an abuse of discretion basis. As will be seen, however, we are not certain that the immigration judge and the BIA were empowered to grant relief here.

[2] When the proceedings in this case originated, the Immigration and Naturalization Service, as an independent agency within the Department of Justice, administered the enforcement functions of the Immigration and Nationality Act. It ceased to exist, however, as an agency on March 1, 2003, and Congress transferred the INA's enforcement functions to the Department of Homeland Security.

2

the cashier issues a receipt when the payment is made and then the petitioner is obliged to file the receipt and motion with the Executive Office for Immigration Review. 8 C.F.R. § 1103.7(a)(3) (2005). Here Liu's attorney on November 10, 2003, mailed the motion with a money order for the fee to the Department of Homeland Security. The department received the motion on November 11, 2003, but mailed it back on November 14, 2003, because the money order was payable to the wrong payee. Liu's attorneys received the money order on November 17, 2003. Then Liu's attorney correctly paid the fee on November 18, 2003, by hand delivery, and filed the motion. In her brief filed with the BIA, Liu did not deny that ultimately she correctly filed her motion one day late, a delay she attributes to a "technical problem." App. at 38.

It is not possible to examine the record in this case without being sympathetic with Liu. Based on our experience, we believe that the bifurcated filing requirements applicable in this case are unusual. Indeed, the unusual circumstances here are such that if this matter were being presented to us for a de novo determination in which we had discretion to allow the late filing, we well might grant relief. That standard, however, is not applicable here. Rather, we cannot grant the petition unless we can conclude that the immigration judge and BIA abused their discretion in denying the motion to reopen.

We cannot do this. The judge correctly explained that Liu "filed the motion to reopen late by any calculation." She then went on to indicate that she knew "of no authority that would allow the court to disregard the deadline." Liu does not argue to the

contrary in her brief and does not cite a regulation that makes the filing deadline other than mandatory. Rather, she contends that she "did file her Motion to Reopen by [the correct] date." Br. at 11. She understandably argues that "equity and fairness" required that when her initial filing was not perfected, the Department of Homeland Security should have called her attorney to correct it. Br. at 18. But we certainly cannot impose such a duty on that department. After all, the administrative authorities have large volumes of cases and need to process them by consistent standards. In the circumstances, we are constrained to deny her relief.

For the foregoing reasons, the petition for review will be denied.

———————

4